ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Aug-29 10:04:17
60CV-15-5690
C06D06 : 4 Pages

IN THE PULASKI COUNTY CIRCUIT COURT
SIXTH DIVISION

ROBERT STEINBUCH                                                                                          PLAINTIFF

v.                                          Case No. 60CV15-5690

UNIVERSITY OF ARKANSAS, aka
UNIVERSITY OF ARKANSAS—LITTLE ROCK;
THE TRUSTEES OF THE UNIVERSITY OF ARKANSAS;
MICHAEL SCHWARTZ, in his official and personal capacity;
THERESA BEINER, in her official and personal capacity;
ZULMA TORO, in her official capacity;
JOANN MAXEY, in her official capacity                                                   DEFENDANTS

### SEPARATE DEFENDANTS' ANSWER TO "CLAIM I" IN PLAINTIFF'S FOURTH AMENDED AND THIRD SUPPLEMENTAL COMPLAINT AND COMBINED MOTION TO STRIKE

"The University of Arkansas, aka University of Arkansas—Little Rock"[1] and Dean Michael Schwartz, in his official capacity as the custodian of records (collectively, "the FOIA Defendants"), state as follows for their Answer to Claim I in Plaintiff's Fourth Amended and the Third Supplemental Complaint ("operative complaint").

1. Pursuant to Rule 10(c) of the Arkansas Rules of Civil Procedure, the FOIA Defendants incorporate by reference all of the admissions, denials, defenses, and other statements contained in Defendants' Answer to Plaintiff's Third Amended Complaint ("previous complaint").

2. In particular, with regard to each allegation in the operative complaint that is (1) relevant to Plaintiff's claim under the Arkansas Freedom of Information Act (Claim I) and (2) substantially identical to a FOIA-related allegation in the previous

---

[1] This campus lacks the capacity to be sued under Arkansas law, and Defendants respectfully urge this Court to reconsider its denial of their motion to dismiss on this point.

complaint, the FOIA Defendants incorporate their response to the previous complaint by reference.

3. The following allegations are "immaterial" or "impertinent" under Rule 12(f), and this Court should strike them from the operative complaint:

    a. Paragraph 54 – The LSAT scores across ethnicities have no tendency to prove or disprove any claim in this case.

    b. Paragraph 55 – The LSAT scores across ethnicities have no tendency to prove or disprove any claim in this case.

4. The FOIA Defendants admit the allegation in paragraph 75 of the operative complaint to the extent it alleges that most of the minority cohorts have more than three individuals per year. However, Plaintiff's FOIA request was not limited to "minority cohorts." Instead, it requested confidential information linked to a collection of categories such as graduation date, race, gender, part-time or full-time status, residency, student type, bar-passage status, and numerous other categories.

5. In response to paragraph 5 of the operative complaint, the FOIA Defendants state that Plaintiff's FOIA request was not limited to "minority cohorts." Instead, it requested confidential information linked to a collection of categories such as graduation date, race, gender, part-time or full-time status, residency, student type, bar-passage status, and numerous other categories. In addition, Bowen Law School's 2015 Standard 509 Form shows 88 first-year white students.

6. In response to paragraph 77 of the complaint, the FOIA Defendants deny that they should have provided Plaintiff with complete ethnicity-linked data for all white students with only the names of the students redacted.

7. The FOIA Defendants deny the allegations in paragraph 78 of the operative complaint.

8. The FOIA Defendants deny the allegations in paragraph 83 of the operative complaint.

9. The FOIA Defendants deny the allegations in paragraph 84 of the operative complaint.

10. The FOIA Defendants admit the allegations in paragraph 90 of the operative complaint.

11. The remaining allegations in the operative complaint are either (1) wholly irrelevant to any claim and should be stricken or (2) related to Plaintiff's non-FOIA claims. The FOIA Defendants, along with the other defendants, intend to move for dismissal of the non-FOIA claims in the near future.

WHEREFORE, the FOIA Defendants pray that the Court dismiss all of Plaintiff's claims with prejudice, enter judgment in their favor, and award them costs, attorneys' fees, and all other relief to which they may be entitled.

Respectfully submitted,

/s/ *David A. Curran*
David A. Curran (2003031)
Associate General Counsel
Sarah L. James (90135)
Associate General Counsel
University of Arkansas System
2404 North University Avenue
Little Rock, AR 72207-3608
Telephone: (501) 686-2536
Fax: (501) 686-2517
dcurran@uasys.edu

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, David Curran, hereby certify that, on this 29th day of August 2016, I electronically filed the foregoing by using the Arkansas judiciary's electronic filing system, which shall provide electronic notification to the following:

Chris P. Corbitt, Esq.

/s/ *David A. Curran*
David A. Curran