IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT STEINBUCH                                                                    PLAINTIFF

v.                                    Case No. 4:16-cv-622 KGB

UNIVERSITY OF ARKANSAS, aka
UNIVERSITY OF ARKANSAS—LITTLE ROCK;
THE TRUSTEES OF THE UNIVERSITY OF ARKANSAS;
MICHAEL SCHWARTZ, in his official and personal capacity;
THERESA BEINER, in her official and personal capacity;
ZULMA TORO, in her official capacity;
JOANN MAXEY, in her official capacity                                    DEFENDANTS

## ORDER

Plaintiff Robert Steinbuch filed this action in Pulaski County Circuit Court in Little Rock, Arkansas, against defendants University of Arkansas, and the Trustees of the University of Arkansas in their official and person capacities—Michael Schwartz, Theresa Beiner, Zulma Toro, and Joann Maxey (hereinafter "Defendants"). Defendants removed the case to this Court pursuant to 28 U.S.C. § 1331 (Dkt. No. 1, ¶ 2). Before the Court is Mr. Steinbuch's motion for remand to state court and stay consideration of plaintiff's time to respond to defendants' motion to dismiss pending outcome of the remand issue (Dkt. No. 12). Defendants have responded to the motion to remand (Dkt. No. 15). Defendants have also filed a motion to dismiss to which Mr. Steinbuch has not yet responded (Dkt. No. 3). For the following reasons, the Court grants Mr. Steinbuch's motion to remand (Dkt. No. 12).

I. **Background**

On November 17, 2015, Mr. Steinbuch sued defendants in the Pulaski County Circuit Court in Little Rock, Arkansas, for an alleged violation of the Arkansas Freedom of Information Act ("AFOIA"), Ark. Code Ann. § 25-19-101 *et seq*. (Dkt. No. 1, at 25). After filing an amended

complaint (Dkt. No. 5), a second amended complaint (Dkt. No. 6), a third amended complaint (Dkt. No. 7), and a fourth amended complaint on state court (Dkt. No. 9), Mr. Steinbuch is now alleging defendants violated the AFOIA; the Arkansas Whistleblower Act, Ark. Code Ann. § 21-1-503(c)(1); his right to free speech under both the United States and Arkansas Constitutions; his right to academic freedom; and his right against tortious interference with his employment contract (Dkt. No. 9).

In his fourth amended complaint Mr. Steinbuch seeks a hearing concerning the denial of information request under the AFOIA (Dkt. No. 9). He also seeks a judicial determination that: (1) certain defendants violated the AFOIA through improper redaction of requested records; (2) certain defendants were not substantially justified in their refusal to provide the records as requested; (3) he is entitled to unredacted copies of the requested records; (4) certain defendants violated the WBA and AFOIA anti-retaliation statutes; (5) certain defendants violated his First Amendment right in Article 2 Section 6 of the Arkansas Constitution, violated his academic freedom, and tortiously interfered with his employment contract; and (6) that Ms. Beiner and Mr. Schwartz acted with malice (Dkt. No. 9, ¶¶ 265-269).

Mr. Steinbuch is also seeking judicial determination that he is entitled to injunctive relief; actual damages, where legally permitted and appropriate; and attorney's fees and costs from the Claims Commission, as well as any and all such additional relief which is necessary and proper (Dkt. No. 9, at 47-48).

**II.     Motion To Remand**

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[A]ny civil action brought in a State court of which the district courts of the United States

2

have original jurisdiction, may be removed by . . . the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removing party has the burden to show, by a preponderance of the evidence, that removal was proper. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005). Any "doubts about federal jurisdiction must be resolved in favor of remand." *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014).

Defendants contend that this action was removable because this Court has federal question jurisdiction (Dkt. No. 1, ¶ 2). Federal courts have federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Mr. Steinbuch has alleged in his fourth amended complaint that defendants violated his First Amendment rights, citing both the United States and Arkansas constitutions. He has also alleged that defendants violated his right to academic freedom, but he does not provide a source of law for this right (Dkt. No. 9, ¶ 262).

### A. First Amendment Claim

Mr. Steinbuch does not dispute that federal question jurisdiction exists in this case; he instead agrees to waive his federal First Amendment claim brought under the United States constitution, in effect removing the basis for federal question jurisdiction (Dkt. No. 12, at ). Upon remand, Mr. Steinbuch claims that he will amend his complaint in state court to dismiss voluntarily his federal First Amendment claim. Mr. Steinbuch claims that "[f]ederal courts have the power to remand state claims after the federal claims have been waived by the plaintiff. 28 U.S.C. § 1447; *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988) ('remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy,

3

convenience, fairness, and comity which underlie the pendent jurisdiction doctrine') (J. Marshall); *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635 (2009)." (Dkt. No. 12, at 2-3).

Defendants state that they "do not object to embarking upon a procedural journey that leads to the following: (1) the proper, permanent deletion of Plaintiff's federal-question claims and (2) a discretionary remand of the remaining state-law claims, notwithstanding this Court's supplemental jurisdiction." (Dkt. No. 15, at 3). Defendants further contend that "[a] remand in due course is particularly justified by certain state-law wrinkles in this case, including (1) an interlocutory appeal that is currently pending in two Arkansas appellate courts in connection with the FOIA claim and (2) the Arkansas Supreme Court's failure to address the substance of Special Justice Dobson's concurring opinion *Johnson v. Board of Trustees of the University of Arkansas*, 2016 Ark. 253, *9-*13 (*Id.*, n.3).

Subject-matter jurisdiction is determined by examining the operative complaint. *See, e.g., In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("[I]n cases where a plaintiff has filed an amended complaint, federal courts must resolve questions of subject matter jurisdiction by examining the face of the amended complaint."). Mr. Steinbuch's fourth amended complaint is the operative complaint (Dkt. No. 9). Defendants contend that, "a plaintiff ordinarily deletes her federal claims by filing an amended complaint that clearly omits them. *See, e.g.*, *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1998)." (Dkt. No. 15, at 3-4). Here, Mr. Steinbuch has not filed a motion to amend, but this Court construes the waiver of his federal First Amendment cause of action as a request to dismiss voluntarily that claim under Federal Rule of Civil Procedure 41(a).

The Court grants that request. In making its rulings, this Court relies on Mr. Steinbuch's representation that he waives his federal First Amendment cause of action, Claim VI in his fourth

amended complaint, and that he will no longer pursue that claim when this case is remanded to state court. Defendants argue that "the state court and the parties should have certainty about whether Claim VI exists and whether Claim V arises under federal law." (*Id.*). This Court's ruling resolves the first question. Thus, the question left for this Court is whether Mr. Steinbuch's academic freedom claim grants to this Court federal question jurisdiction.

### B. Academic Freedom Claim

A civil action filed in a state court may be removed to federal court if the claim is one "arising under" federal law. 28 U.S.C. § 1441(b). As stated above, subject-matter jurisdiction is determined by examining the operative complaint. *See, e.g., In re Atlas Van Lines, Inc.*, 209 F.3d at 1067. The burden is on a removing defendant to show that federal jurisdiction exists. *Hatridge v. Aetna Casualty and Surety Co.,* 415 F.2d 809, 814 (8th Cir. 1969). The guiding principal courts follow in establishing whether or not removal is proper is that the plaintiff is the master of his complaint. *Bell v. Hershey Co.,* 557 F.3d 953, 956 (8th Cir. 2009). "The presence or absence of federal-question jurisdiction is governed by the 'well-pled complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). Mr. Steinbuch asserts that his academic freedom claim is rooted in state law, including state regulations, common law, and the Arkansas Constitution (Dkt. No. 12). Defendants believe that Mr. Steinbuch's academic freedom claim presents a federal question (Dkt. Nos. 4, 15).

As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim. *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 11 (2003). Mr. Steinbuch's academic freedom section of his fourth amended complaint states, "Plaintiff restates and reasserts the facts, contentions, and allegations contained in

5

paragraphs 1 through 238, *supra,* as if set out word for word herein. . . . Beiner, Schwartz, and UALR have violated Plaintiffs Academic Freedom and related rights." (Dkt. No. 9, ¶¶ 261-262). In his filings, Mr. Steinbuch argues that "[t]he basis for Defendants' claim [that his academic freedom claim confers federal question jurisdiction] is that state courts may refer to federal opinions on analogous constitutional provisions. Indeed, federal courts have even referred to state (and foreign) opinions at times. That no more transforms a federal claim into a state action than does the reverse." (Dkt. No. 12, at 2). The Court agrees. From the face of the fourth amended complaint, Mr. Steinbuch has not affirmatively pled a federal cause of action under academic freedom. *See Beneficial Nat'l Bank*, 539 U.S. at 11. In fact, in filings in this Court upon which this Court relies in reaching its decision on the pending motions, he affirmatively states that he has not done so. Although such a claim may exist under federal law,[1] defendants cannot force Mr. Steinbuch to bring a federal claim when he has not.

**III. Conclusion**

The Court grants what it construes as Mr. Steinbuch's motion to dismiss voluntarily his federal First Amendment claim and, therefore, grants Mr. Steinbuch's motion to remand (Dkt. No. 12). In granting this motion to remand, the Court relies upon Mr. Steinbuch's representation that his academic freedom claim is rooted in state law, including state regulations, common law, and the Arkansas Constitution. The Court denies as moot all other pending motions in this matter (Dkt. No. 3). The Court directs the Clerk of Court to remand this action to the Circuit Court of Pulaski County.

---

[1] The Court need not resolve, and has not resolved, any issues related to an academic freedom claim under controlling federal law to resolve the pending motions.

So ordered this the 29th day of August, 2017.

_____
Kristine G. Baker
United States District Judge